The opinion of the Court was delivered by
Duncan J.
If this was an ejectment between Evans, or his heirs, and Hendricks; this evidence, connected as it was *225 with the receipt, would have established the trust, and on the payment of the money, Hendricks would hold the land. But if Evans had sold to one who had no notice of the trust, the sale could not be disturbed. A purchaser without notice of a trust, never can be affected by it. This doctrine is fully considered, in Lazarus's Lessee v. Bryson, 2 Binn., and is a plain principle of natural justice, and an established rule in equity. If Probst had received the deed from the sheriff, and paid the purchase money, he could have recovered the land from Hendricks: for here was a public sale, Hendricks living on the land, and never giving notice. It would have been the duty of Hendricks to have called on the administrators of Evans and paid the balance. The lands never would have been returned to the sheriff by them ; and if they had, he should have given notice at the time of sale. But here, he lies by, from February, 1811, to November, 1813, and it is not until after the acknowledgment of the deed, that he gives notice. No man would purchase at sheriff’s sale, if such secret trust could defeat his purchase. The purchaser knew that Hendricks was in possession: but the public records informed him, that his interest had been sold to Evans, and the sale confirmed by the Court, and the deed acknowledged in Court, delivered to him. A sale by the sheriff, has been compared to a conveyance with special warranty,' in which case it has been decided, that if there is a manifest defect of title, the purchase money, although bond has been given for it, cannot be recovered. But there is not the least resemblance. The sale by sheriff excludes all warranty. The purchaser takes ail risque. He buys on his own knowledge and judgment. Caveat emptor, applies in all its force to him. If this were not the law, an execution, which is the end of the law, would only be the commencement of a new controversy ; the creditor kept at bay during a series of suits, before he could reap the fruits of his judgment and execution. A party may sell his claim to lands, whatever they may be; and if there is no covenant other than an express stipulation, that he sells only his own interest, unless he has been guilty of some misrepresentation as to the intent, or some fraudulent concealment, he may recover the purchase money. Lands at sheriff’s sale, are frequently sold greatly below their value, because the usual understanding is, that the purchaser takes his chance of the1 title. An inadequacy of price, is no reason *226 to set aside a Sale on the application of the defendant in the execution; the defect of title is no reason to set it aside on the application of the purchaser. I speak of sales fairly made ; for fraud will affect these, as it will all other sales. Here was no fraud in the sale. Here was no application by the purchaser, to set it aside, the first Court, nor the second Court. The party buys, and gives himself no further trouble ; the sheriff makes out, executes, and acknowledges the deed, and tenders it to him, and when, after many months, he is called on for payment, he suggests a defect of title; w-hile if he had accepted the deed, this title never could dis- - turb him. Probst was liable to pay on the sale. He could not be affected by subsequent notice of a secret trust. The same protection was afforded to him, as if he then had paid his money, and taken the deed. In this case, Evans held the legal title ; and the legal title discharged of the trust was transferred to Probst. But he had likewise a beneficial interest to cover the balance of the money he had paid on Hendricks’s account.
The Court properly overruled the evidence, and the judgment must be affirmed.
judgment affirmed.