Tucker, P.
Two objections were made in this case, to the admissibility of the copy of the deed of trust, which was introduced at the trial, and either of them appears to me to be insurmountable.
The deed of trust was executed in North Carolina, and purports to have been registered there. It is obvious, however, that it was not authenticated according to the provisions of the acts of congress, and still less in pursuance of our own statute, 1 Rev. Code, ch. 100. It is scarcely necessary to collate the authentication with the acts of congress, both because the variance is palpable, and because it is conceded, that the judgment is not to be sustained under those acts. It was intimated by counsel, that the statute of Virginia above quoted, and the additional statute of 1827-8, ch. 28. were thought by the learned judge who tried this cause, to sustain the admissibility of the paper. In this, I *529 think, the counsel must have misapprehended him, since neither of those statutes respect copies of recorded instruments, but refer only to the manner in which original deeds or instruments shall he proved in another state, so as to be admissible evidence in this. The authentication was not sufficient.
But even had the authentication bóen perfectly formal, I should not think the copy admissible evidence, as the failure to produce the original was not duly accounted for. It is not necessary to consider, whether the case of Baker v. Preston settles the rule, that office copies of deeds registered in Virginia, are primary evidence. Whether copies of deeds recorded in Virginia are or are not primary evidence, the copy of a deed recorded in North Carolina cannot be so, without proof, that it would be received as evidence, in lieu of the original, in the courts of that state; for such faith and credit only are to be given to it here, as it would have, by law or usage in the courts of that state. On this subject, we have no proof; and without proof of a rule in their courts, which permits the introduction of the secondary evidence instead of the original deed, the general principle must prevail, which excludes such evidence.
The deposition of Leonard Lams was competent testimony. The purchaser under the deed of trust must look, I take it, to the title of the grantor. He cannot look to the trustee, who is but an agent, nor to the creditor, who sells nothing, and is merely to receive the proceeds of sale. The grantor or debtor is the person whose title passes, and the sale made by the trustee is his sale, for the purpose of raising funds for the payment of his debt. Upon the principle settled as to sheriff’s sales, 4 Rand. 8. 5 Serg. & Rawle, 225. 9 Wheat. 616. the creditor by deed of trust ca.n no more be liable to refund the money he receives, than the creditor by execution. As it respects them, it is not perceived that *530 there is an assignable difference. , To hold the creditor liable to the vendee, were to make him a warrantor, when he has had no agency in the sale. He merely receives the avails, when they are raised by the trustee. The debtor, indeed, warrants the title; but to whom does that warranty enure ? To the party who purchases out and out and holds the legal title, or to the cestui que trust, who has an interest in and right to such part of the proceeds of sale only, as may suffice to liquidate his demand? To the former assuredly; and if so, it cannot enure to the latter also. On this point, therefore, I am of opinion, that there is no error; but on the other grounds, I am of opinion, that the judgment must be reversed, and the cause sent back for a new trial.
. The other judges concurred. Judgment reversed, and cause remanded &c.