## BOGGS v. FOWLER & HARGRAVE.

A DECREE in a foreclosure suit for the sale of the premises, where the mortgagor had transferred his estate in the premises previous to the institution of the suit, and his grantee was not made a party, is void so far as it orders a sale.

A foreclosure suit, under our system, is only a proceeding for the legal determination of the existence of the lien the ascertainment of its extent, and the subjection to sale of the estate pledged for its satisfaction. Upon the validity and extent of that lien, the owner of the estate, whether mortgagor or his grantee, has a right to be heard, and no valid decree for the sale of the estate can pass until this right has been afforded to him.

*Goodenow* v. *Ewer (ante)* cited.

The doctrine of *caveat emptor* applies only to sales made upon valid judgments ; and is usually invoked with reference to sales upon execution issued against the general property of a judgment debtor. In these latter cases, a defect of title is no ground for interference with the sale, or a refusal to pay the price bid. The purchaser takes upon himself all the risks as to the title, and bids with full knowledge that in any event he only acquires such interest as the debtor possessed at the date of the levy, or the lien of the judgment ; and that he may possibly acquire nothing.

A somewhat different rule prevails in cases where particular property is the subject of sale, by a specific adjudication ; as where the interest of A in a certain tract is decreed to be sold. To the validity of a decree of this character, the presence of A is essential, and when present, the decree binds him and is effectual, by the sale it orders, to transfer his estate. A valid decree in a mortgage case operates upon such interest as the mortgagor possessed in the property at the execution of the mortgage. That interest may not constitute a valid title ; it may not, in fact, be of any value ; and the purchaser takes that risk. To that extent the doctrine of *caveat emptor* applies even in those cases, and in all cases of adjudication upon specific interests, but no further. The interest

specifically subject to sale, whatever it may be worth, a purchaser is entitled to receive; it is for that interest he makes his bid and pays his money.

A purchaser under a decree of this character may petition to be released from his purchase, or that the sale be set aside, where it has been subsequently discovered that the Court rendering the decree had not acquired jurisdiction of the subject matter; or of persons having interests in the property; or for other reasons that the estate directed to be sold would not pass.

Where a purchaser at a sale under a decree, in a foreclosure suit, directing the sale of the premises—which decree was void, because the grantee of the mortgagor was not made party—brought suit against the mortgagees to recover back the money paid them on his bid : *Held,* that the action does not lie—the purchaser being aware, at the time of his bid, that the mortgagor had sold the premises before the institution of the foreclosure suit, and there being no fraud.

The purchaser in such case makes a mistake of law as to the effect of the decree when the grantee of the mortgagor is not made party to the foreclosure suit. From such mistake no relief can be granted in an action at law.

Plaintiff must seek relief from the consequences of the invalidity of the decree, by proceedings in the foreclosure suit. By his act of purchase he has submitted himself to the jurisdiction of the Court in that suit, as to all matters connected with the sale, and is entitled to apply for such relief as the facts of the case may justify. Upon his application that Court may direct the sale to be set aside and the satisfaction to be cancelled, and authorize a supplemental bill, for a resale of the premises, to be filed and conducted in the names of the complainants in that suit, for the plaintiff's benefit, and direct that the grantee of the mortgagor, and any other persons interested in the premises, be brought in as parties ; or it may make such other and different order in the matter as will protect the rights of all parties, and mete out exact justice.

Equity will not, in an independent action, relieve from mistakes of law, unless accompanied with special circumstances, such as misrepresentation, undue influence or misplaced confidence.

APPEAL from the Seventh District.

The facts are stated in the opinion of the Court. Plaintiff had judgment. Defendants appeal.

*Heydenfeldt,* for Appellants.

1. The decree in the case of *Fowler & Hargrave* v. *Harbin* was not void; it was good between the parties, and Harbin was a necessary party, because the debt was a personal liability. (*Whitney* v. *Higgins,* 10 Cal. 347 ; *Montgomery* v. *Tutt,* 11 Id. 3.)

2. The maxim of law which must govern here is *caveat emptor.* Besides, the plaintiff purchased with positive knowledge of the defect, and can have no claim to modify the rule for his benefit. (*Bree* v. *Hol-*

Boggs *v.* Hargrave.

*beck,* 2 Doug. 654; *Smith* v. *Painter,* 5 S. & R. 223; *Harth* v. *Gibbs,* 3 Rich. 316.) And it makes no difference if the parties direct the Sheriff to sell on credit. (*Kilgore* v. *Peden,* 1 Strob. 18.)

*Wallace & McEwell,* also for Appellants.

*A. Thomas,* for Respondent.

The fee in land mortgaged does not pass to the mortgagee. The mortgagor under our statute, and the decisions of our Court, is the owner in fee of the land, and the mortgagee simply holds a lien upon the land for the security of his debt.

A transfer of the mortgaged property by the mortgagor before the institution of a suit to foreclose the mortgage, conveys the entire fee simple interest to the grantee.

A sale under a decree of foreclosure, without making the owner of the land mortgaged a party to the suit to foreclose, is a nullity, and passes no interest in the land, nor does it operate as an assignment of the debt and mortgage. (*Haffley* v. *Maier,* 13 Cal. 13; *Duval's Heirs* v. *Mc-Losky,* 1 Ala. 708; *Watson* v. *Spence,* 20 Wend. 260; 10 Ala. 169.) By these authorities the decree is a nullity, as the proceedings are *in rem.* (*White* v. *Williams,* 2 Green's Ch. 383; *Vreeland* v. *Loubat,* 1 Id. 104; Id. 405.)

Where the mortgagor has conveyed absolutely his equity of redemption, the assignee only need be made a party to the bill to foreclose. (Story's Eq. Pl. sec. 197; *Show* v. *Hoadly,* 8 Blackf. 165; *Brown* v. *Stead,* 5 Simons, 535; *Swift* v. *Edson,* 5 · Conn. 551; 1 Green's Ch. 104, 405.)

If the proceeding to foreclose a mortgage is a proceeding *in rem,* and if it is not necessary that the mortgagor should be a party to the proceeding which was instituted after he had parted with his entire interest in the mortgaged premises, then it follows that a proceeding for that purpose against the mortgagor alone is void as a foreclosure, and the reasoning of the Court in the case of *Watson* v. *Spence* is sustained.

The object of a foreclosure is to concentrate in the purchaser the interest in the mortgaged premises upon which the mortgage operated, and to satisfy the debt from which the mortgaged premises are thereby discharged.

By the authorities cited above, a foreclosure, under the circumstances

of the one in question, leaves the rights of the owner of the land, and those of the mortgagee or his assignees, in the same condition that they were before the proceedings to foreclose were instituted.

Hence, the proceeding as a foreclosure (for it is only in that light we can now consider it) is a nullity, for the reason, as Justice Cowen says, "that the whole proceedings in the Court of Chancery and in the Master's office passed without the Court acquiring jurisdiction."

Jurisdiction of what? Why, of the thing upon which the decree was intended to operate—the interest in the land which was subject to the mortgage.

The action for money had and received, is an equitable action, and raises the question as to which party the money belongs in equity and good conscience. (2 Greenl. Ev. sec. 107 ; 12 Pick. 6 ; 17 Mass. 575 ; 2 Denio, 91–142.) Money paid upon a consideration which failed may be recovered back in an action for money had and received. (5 Humph. 498 ; 10 Mass. 34 ; 1 Comst. R. 467 ; 2 Nott & McCord, 65, 163 ; 2 Root, 258 ; 1 Wend. 424 ; 3 Cow. 272 ; 3 Shep. 45.)

Money paid by mistake may be recovered back in this action. (3 Shep. 45 ; 1 B. Mon. 195 ; 2 Hawks, 326 ; 21 Ala. 750 ; 2 Sandf. S. C. 247, 434 ; 4 Henry, 170 ; 3 Comst. 230 ; 10 Barr, 455.)

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

This is an action to recover the sum of $5,395, with interest from March, 1859, and arises under the following circumstances. In September, 1857, one Harbin executed a mortgage to the defendants, upon certain premises situated within the county of Napa, to secure the payment of his promissory note to them, with interest, and afterwards, in February, 1858, sold and conveyed the premises to one Bristol. The note not being paid at maturity, the defendants, in July following, instituted proceedings for the foreclosure of the mortgage and sale of the premises, making the mortgagor the sole party defendant. Service of the summons was made by publication, and upon his default upon such service, a personal judgment against the mortgagor was entered for the amount due, with the usual decree in such cases, directing a sale of the premises by the Sheriff, the execution of a conveyance to the purchaser or purchasers, the application of the proceeds of the sale to the payment of the amount adjudged due, and expenses, and a deposit of any

surplus or an execution for any deficiency remaining.   Upon the decree, the premises were sold in two parcels, and the plaintiff became the purchaser of both, for the sum of $5,395.   This sum he paid directly to the defendants, and passed their receipt to the Sheriff, who made the usual certificates of sale, and returned the order of sale satisfied.   It is for the money thus paid that the present action is brought, and the right to recover is based upon the alleged ground that the decree was void, in directing a sale of the premises, the title being at the time in Bristol, a stranger to the suit in which the decree was rendered.   The plaintiff had judgment, and the defendants appeal, controverting the position that the decree was void; and contending that, if void for the reason assigned, the plaintiff is without remedy, as the doctrine of *caveat emptor* was applicable to the sale, or that his remedy must be by proceeding for a resale of the premises.

In a case recently decided— *Goodenow* v. *Ewer (ante,* 461*)*—we had occasion to consider the validity and effect of a decree in a foreclosure suit, where the mortgagor had transferred his estate in the premises previous to the institution of the suit, and his grantee was not made a party.   In that case, the mortgage was upon an undivided half of certain premises; the mortgagor had disposed of an undivided one-sixth of the same, and in the suit his grantee was not brought before the Court; and we held that the decree did not operate upon the interest transferred; but, as to that interest, was ineffectual for any purpose. This conclusion follows, necessarily, from the nature of the contract of mortgage.   In this State, as we have held in numerous instances, a mortgage is not a conveyance passing any estate in the land, but a mere security, operating upon the premises as a lien or incumbrance only. Here the mortgagor continues the owner of the premises after the execution of the mortgage equally as before, and may sell and convey them in any of the ordinary forms prescribed for the sale and transfer of real property.   Here, what is termed a foreclosure suit is only a proceeding for the legal determination of the existence of the lien, the ascertainment of its extent, and the subjection to sale of the estate pledged for its satisfaction.   Upon the validity and extent of that lien the owner of the estate, whether mortgagor or his grantee, has a right to be heard, and no valid decree for the sale of the estate can pass until this right has been afforded to him.

It follows that the decree in the case of *Fowler and Hargrave* v. *Harbin*, directing the sale of the premises mortgaged, was to that

extent invalid and void. The Court never acquired jurisdiction over the estate which, by its decree, it undertook to condemn to sale. (See *Watson et al.* v. *Spence,* 20 Wend. 260; *Duval's Heirs* v. *McLosky,* 1 Ala. N. S. 728; *Vreeland* v. *Loubat et al.* 1 Green's Ch. 104.)

The doctrine of *caveat emptor* applies only to sales made upon valid judgments, and is usually invoked with reference to sales upon execution issued against the general property of a judgment debtor. *( Smith* v. *Painter,* 5 Serg. & Rawle, 225.) In these latter cases, a defect of title is no ground for interference with the sale; or a refusal to pay the price bid. The purchaser takes upon himself all the risks as to the title, and bids with full knowledge that in any event he only acquires such interest as the debtor possessed at the date of the levy or the lien of the judgment; and that he may, possibly, acquire nothing. But a somewhat different rule prevails in cases where particular property is the subject of sale, by a specific adjudication: as where the interest of A in a certain tract is decreed to be sold. To the validity of a decree of this character the presence of A is essential, and when present, the decree binds him, and is effectual, by the sale it orders, to transfer his estate. A valid decree in a mortgage case operates upon such interest as the mortgagor possessed in the property at the execution of the mortgage. That interest may not constitute a valid title; it may not, in fact, be of any value; and the purchaser takes that risk. To that extent the doctrine of *caveat emptor* applies even in those cases, and in all cases of adjudication upon specific interests, but no further. The interest specifically subjected to sale, whatever it may be worth, a purchaser is entitled to receive; it is for that interest he makes his bid and pays his money. It has, therefore, in a multitude of instances, been held that a purchaser, under a decree of this character, may petition to be released from his purchase, or that the sale be set aside, where it has been subsequently discovered that the Court rendering the decree had not acquired jurisdiction of the subject matter, or of persons having interests in the property, or for other reasons that the estate directed to be sold would not pass. (*Darvin* v. *Halfield,* 4 Sand. Sup. Ct. 468; *Kohler* v. *Kohler,* 2 Edw. Ch. 69; *Post* v. *Leet,* 8 Paige, 337; *Seaman* v. *Hicks,* 8 Id. 655; *Brown* v. *Frost,* 10 Id. 243; *Shively's Ad'mr* v. *Jones,* 6 B. Monroe, 275.)

It is not, therefore, upon any consideration of the doctrine of *caveat emptor* that the case must be determined. It is upon the application of another principle that the claim to a recovery in the present action

Boggs *v.* Hargrave.

must be disposed of. The plaintiff was aware, at the time of his bid, of the existence of the deed to Bristol. It was the subject of conversation between him and the attorney of the mortgagees, previous to the sale. It was executed before the commencement of the foreclosure suit, and was on record prior to the sale. There were no fraudulent misrepresentations to induce the purchase. The facts were all within his knowledge, or might have been. The record would have informed him of the date of the execution of the deed, and his neglect to avail himself of this accessible means of information takes from his claim all title to favorable consideration on that ground. It is evident that the plaintiff did not attach any importance to the existence of the deed, and his bid was made upon a mistake of law as to the effect of the decree; and the real question presented is, whether for money paid under these circumstances the present action will lie. We are clear that it will not. Even Courts of Equity will not relieve, *in an independent action,* from a mistake of law, where it is not accompanied with special circumstances—such as misrepresentation, undue influence, or misplaced confidence. (See Story's Equity, sec. 138.; *Goodenow* v. *Ewer,* decided at the present term; *Bank of the United States* v. *Daniel,* 12 Peters, 55.) And Courts of Law are less indulgent than Courts of Equity in such case. "It is well settled," says Greenleaf, after speaking of the recovery of money paid under a mistake of facts, "that money paid under a mistake or ignorance of law of our own country, but with a knowledge of the facts, or the means of such knowledge, cannot be recovered back." (Ev. 2 vol. sec. 123.)

We do not perceive any valid reason why this rule does not apply as well to moneys paid under a mistake, as to the operation of a judicial decree, where all the facts affecting its validity are known, or within the means of knowledge of the party, as to moneys paid under mistakes of law in other matters. Under these circumstances, the plaintiff must seek relief from the consequences of the invalidity of the decree, by proceedings in the foreclosure suit, and cannot maintain the present action. By his act of purchase he has submitted himself to the jurisdiction of the Court in that suit, as to all matters connected with the sale, and is entitled to apply for such relief as the facts of the case may justify. ( *Cassamajor* v. *Strode,* 1 Sim. & Stu. 381; *Bequa* v. *Rea,* 2 Paige, 339; *Brown* v. *Frost,* 10 Id. 243; *Kohler* v. *Kohler,* 2 Edw. Ch. 69.) Though Courts of Equity will not grant relief in an independent action, from mistakes of law, they "are ever ready," as we

observed in *Goodenow* v. *Ewer*, " to grant relief from sales made upon their decrees, where there has been irregularity in the proceedings rendering the title defective, as well where the purchaser or parties interested have been misled by a mistake of law as to the operation of the decree, as when they have been misled by a mistake of fact as to the condition of the property or the estate sold; provided application be made to them in the suits in which such decrees are entered, within a reasonable time, and the relief sought will not operate to the prejudice of the just rights of others." To that Court, therefore, the plaintiff must resort. Upon his application, it may direct the sale to be set aside and the satisfaction to be cancelled, and authorize a supplemental bill, for a resale of the premises, to be filed and conducted in the names of the complainants in that suit, for the plaintiff's benefit; and direct that Bristol and any other persons interested in the premises be brought in as parties; or it may make such other or further order in the matter as will protect the rights of all parties, and meet out exact justice. It is not for us, at this time, to indicate with further particularity the course of procedure which should be adopted. It is sufficient, for the present, that we determine that the plaintiff must seek the relief to which he is entitled by proceedings in the original suit; and that the Court rendering the original decree has, in its equity powers, ample means to do complete justice.

The judgment must be reversed and the cause remanded; and it is so ordered.