[No. 9,593. Department One.—December 19, 1884.]

SARAH H. BARNARD, ADMINISTRATRIX, ETC., APPELLANT, v. C. N. WILSON, RESPONDENT.

MORTGAGE—RELIEF FROM FORECLOSURE SALE—UNREASONABLE DELAY.—An application by a purchaser under a foreclosure sale to be released therefrom must be made within a reasonable time, and when so made, the application will ordinarily be granted, if the purchaser parted with his money under a mistaken notion of the law, although he had full knowledge of the facts.

ID.—In order to avail himself of the privilege accorded to him by a court of equity, to secure in the same suit a return of his money, he must inform himself of the law and facts within a reasonable time after the purchase.

ID.—The delay in this case held unreasonable.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion for relief from a foreclosure sale.

The facts are stated in the opinion of the court.

W. D. Gould, for Appellant.

Brunson & Wells, for Respondent.

McKINSTRY, J.—The petition of Sarah H. Barnard, in her individual capacity, that the foreclosure sale be set aside, and

she be permitted to file a supplemental complaint, bringing in the heirs of the grantee of the mortgagor, and praying, in the name of the plaintiff, for a resale of the mortgaged premises, the proceeds to be applied, in the first instance, to the payment of the sum by her bid, does not show that she ever paid to the sheriff such sum for the benefit of plaintiff. If she did not in fact part with value, it is manifest she has no interest on which she may demand a resale.

But if it should be conceded (merely because it appears from her petition that the judgment was formally satisfied to the extent of the sum by her bid), that the question whether Sarah H. Barnard actually paid to Sarah H. Barnard, administratrix, or to the sheriff for her, such sum, is a matter only affecting her and those interested in the estate of her intestate, and that, on a proper showing, she would be entitled to prosecute a supplemental complaint for the benefit of herself and *her grantee*, still the court below properly denied her application.

The purchase at the foreclosure sale was made October 2, 1882, and the sheriff's deed received by Sarah H. Barnard April 27, 1883. The notice of motion to set aside, etc., was given March 15, 1884.

An application of the kind must be made " within a reasonable time." (*Boggs* v. *Hargrave*, 16 Cal. 566 ; *Goodenow* v. *Ewer*, 16 Cal. 461.) If made within a reasonable time, the application will ordinarily be granted, if the purchaser parted with his money under a mistaken notion of the law, although he had full knowledge of the facts. But the rule requires that he shall inform himself of the law and facts within a reasonable time after his purchase, in order to avail himself of the privilege accorded to him by a court of equity, to secure in the same suit a return of his money. In the case before us there is no pretense of ignorance of law, but it is claimed the purchaser did not acquire a knowledge of the mortgagor's deed until shortly before her application. That deed was recorded July 31, 1876, more than three years before she (in her capacity as administratrix) brought the suit to foreclose the mortgage, and more than six years before she made the purchase of which she seeks to be relieved. Under the circumstances, the court was justified in finding an unreasonable delay.

It may be added, there was no evidence before the court that Sarah H. Barnard did not know of the deed of the mortgagor from the time it was executed and recorded.   The affidavit of her attorney, that " he is informed and believes " the plaintiff had not, until after *she* had received the sheriff's deed, any knowledge that defendant had conveyed the legal title of said premises, was not evidence which could properly have had any persuasive influence on the court.

Order affirmed.

Ross, J., and McKEE, J., concurred.