## JUDSON v. LYFORD et al.*

### No. 12,032; December 20, 1889.

#### 23 Pac. 581.

**Judicial Sale—Rights of Purchaser.—D.**, Against Whom Plaintiff held a judgment, succeeded, on his wife's death, to one-third of her lands, and conveyed his interest to defendant in trust to be leased, and one-half of the profits applied to his support during his life, and at his death the whole to go to his children. After the execution of the trust deed, plaintiff levied an execution on D.'s interest in the land, and at the sale bid it in, taking a sheriff's deed. Afterward, plaintiff received the balance due on the judgment, and entered a satisfaction in full. Held, that at the time of the sale under execution the legal title was in defendant, and plaintiff, under the sheriff's deed, took nothing but D.'s equitable interest therein, which ceased on D.'s death.

**Judicial Sale—Rights of Purchaser.—**Whatever may have Been Plaintiff's right, as a creditor, to set aside the deed of trust because given to hinder and defraud creditors, it was lost by his purchasing the "right, title, and interest of D." in the property, and accepting the balance due on the judgment, and acknowledging satisfaction thereof, and he thereafter had no other standing than that of a purchaser at an execution sale, subject to the rule of caveat emptor.

APPEAL from Superior Court, Marin County.

---

*For subsequent opinion in bank, see 84 Cal. 505, 24 Pac. 286.

E. F. Swortfiguer (Walter Van Dyke of counsel) for appellant; Sawyer & Burnett for respondents.

PATERSON, J.—On the seventh day of November, 1881, a judgment was entered in the superior court in favor of Michael Lynch, and against T. B. Deffebach, for the sum of $9,446.74, and on the day following it was assigned by Lynch to the plaintiff herein. On September 15, 1883, Mrs. Deffebach died, and T. B. succeeded to an undivided one-third of her estate, the same being the lands described in the complaint. On October 10th following, Deffebach conveyed the property to defendant Lyford, as trustee, in trust for him (said D.) and his four minor children. By the terms of the trust Lyford, as trustee, was to sell sufficient of the interest of D. to pay off all debts of the estate of Mrs. D., deceased; lease the remainder of his (said D.'s) interest upon such terms as said trustee should think proper; and out of the rentals pay taxes, and expenses of caring for the property, render one-half of the surplus profits to said D. for his support during his natural life, and upon his death to apply the whole of the surplus to the support and education of the children; further, to convey, upon T. B. Deffenbach, Jr's., becoming of age, or, in the event he should not live so long, then when the youngest child living should become of age, to the said children or the survivors of them, said property, share and share alike. An execution on the judgment was issued out of the superior court on the thirteenth day of November, 1883, and levied on all the right, title and interest which Thomas B. Deffebach had in said property on said thirteenth day of November, and on December 15th, foll......ng, was executed by a sale of the property to this plaintiff for the sum of $9,500. At the time of this levy the lien of the judgment upon this land, if any there had ever been, had ceased. No redemption having been made, a certificate and sheriff's deed were issued to plaintiff in due time and in due form. Deffebach died on June 24, 1884. The defendant Lyford is the administrator of the estate of T. B. D., deceased, and is also guardian of the minor children. After the answers of the defendants were filed herein, to wit, on November 13, 1884, the plaintiff having received from the defendant the balance due upon the judgment in the case of Lynch v. Deffebach, entered a satisfaction in full of the judg-

ment therein. This action was commenced on August 21, 1884, to set aside the deed of trust from Deffebach to Lyford as fraudulent and void, and to quiet the title of plaintiff to the premises. The court found that D. was not insolvent at the time of the death of his wife; that the deed to Lyford was without any moneyed consideration; that Lyford knew nothing of the indebtedness of D. at the time he accepted the trust; that the trust deed was not made in fraud of plaintiff, or of his rights, or with the intent to hinder, delay or defraud creditors; that the equity held by D., and purchased by plaintiff, ceased upon the death of D., and that plaintiff is not the owner of the property described in the complaint, or any part of it, or interest therein. Judgment followed for defendant, and plaintiff appealed. Upon the facts admitted, proved and found, the judgment is right and should be affirmed. The equitable interest retained by D. was subject to execution: Code Civ. Proc., sec. 688. Lyford, the trustee, was to receive the rents, and apply them to the maintenance of the cestui que trust, and after the death of D. was to convey to the children; he therefore held the legal title: Robinson v. Grey, 9 East, 1; Silvester v. Wilson, 2 Term Rep. 444. Plaintiff purchased, and the sheriff's deed conveyed to him, only the right, title and interest of D. For this interest he paid $9,500, leaving a balance of about $1,600 due on the judgment. As an execution purchaser he can claim no more than the equitable interest left by D. on November 13, 1883. Caveat emptor is the rule: Plant v. Smythe, 45 Cal. 162; Freeman on Executions, secs. 301, 309; Boggs v. Fowler, 16 Cal. 564, 76 Am. Dec. 561; Abadie v. Lobero, 36 Cal. 398. The plaintiff cannot now be heard to say that the interest he purchased was not worth what he paid for it. He must stand by his bargain. The court will not consider the fact that the interest he purchased was terminated by the death of D., soon after the sale, and that by reason thereof plaintiff has not been able to realize the actual amount due on his judgment.

But it is claimed by appellant that the purchaser here was, at the time the trust deed was executed, a creditor of the grantor, and therefore the general rule that the purchaser takes upon himself all risks as to title does not apply. A complete answer to this is found, we think, in the facts that there was no actual fraud, that the deed was not void per se, and

that the relation of creditor and debtor no longer exists. When the plaintiff accepted the balance due on the judgment and entered a satisfaction in full, the relation of debtor and creditor ceased, and he has no other standing in court than that of a purchaser at execution sale. Whatever may have been his right as a creditor to set aside the deed because given to hinder, delay or defraud creditors, it was lost by reason of his own acts in purchasing, in terms, "the right, title and interest of T. B. Deffebach," accepting the balance due on the judgment, and acknowledging that he had received satisfaction in full. The court found that, in consideration of the payment by Lyford, as administrator of the deficiency—$1,598.60—plaintiff executed and acknowledged full satisfaction of the judgment. This finding is not assailed. D. did not convey all of his property to Lyford. He retained an equitable interest. The sheriff did not sell the land. He sold and conveyed simply the right, title and interest of D. Plaintiff paid $9,500 for that interest, as his deed shows, and the judgment became satisfied to that extent. When the administrator paid the balance, and satisfaction was entered, D. was no longer a creditor, and the rule of caveat emptor became no less applicable to his case than to that of every other purchaser under execution sale: Freeman on Executions, sec. 340; Abadie v. Lobero, supra.

Judgment and order affirmed.

We concur: Works, J.; Fox, J.