## JAMES STAFFORD ET AL. v. THOMAS GILES.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 12, 1890—Decided May 26, 1890.

1. In an action on the covenant of general warranty in a deed, where the grantor had no title to the coal under the land which was not excepted from the deed, evidence clearly showing that the grantees knew the grantor did not own the coal and did not intend to include it in the sale,

Charge of Court below.

and that they never could have supposed they were buying it, is sufficient to warrant the submission of the case to the jury to determine whether the omission to except the coal from the deed was a mutual mistake.

2. In such case, an instruction to the jury that the deed could not be reformed except upon clear and convincing evidence of a mistake on the part of the grantor and the grantees, was not inconsistent with the further instruction that both the grantees need not have been present when the bargain was made, for, where the evidence shows that one of the grantees was conducting the negotiations, he would then be acting for the other as well as for himself, and his negotiations would affect both.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 346 January Term 1890, Sup. Ct.; court below, No. 26 March Term 1886, C. P.

On December 15, 1885, James Stafford and Worth Kilpatrick brought covenant against Thomas Giles on the defendant's covenant of general warranty contained in a deed by him to the plaintiffs. Subsequently, the death of Thomas Giles was suggested and Rebecca Giles, his administratrix, was substituted upon the record as defendant. Issue.

The facts are sufficiently set forth in the following charge to the jury, EWING, J.:

This case arises out of a real-estate transaction between the plaintiffs and Thomas Giles, in April, 1875. It appears from the testimony that at that time the plaintiffs bought from Thomas Giles, who is now deceased and represented by the defendant in this regard, a piece of land in Dunbar township, this county, containing a little over seven acres, paying therefor the sum of $1,500, and for which Mr. Giles executed and delivered to them a deed which has been given in evidence here before you. That deed contains no reservation, and consequently, would convey all the land within the lines given in the deed as far down as the centre of the earth; that is, it would embrace more than the surface of the land, it would include the different strata below the surface; and it seems, and it is not denied, that at that time Mr. Giles had no title to the bituminous coal underlying that piece of land. When

Charge of Court below.

he purchased this land himself the coal had been sold by a former owner, and he did not have possession of the coal at the time he made the deed to the plaintiffs, and it is to recover damages for the breach of the warranty contained in that deed, by reason of the loss of this coal, that the plaintiffs have instituted this action. If there were nothing else in the case, the plaintiffs would be entitled upon that deed, beyond a doubt, to recover such damages as they had sustained by reason of the failure of the defendant, under his warranty, to secure to them the possession and title to the coal as well as to the surface of the tract of land thereby conveyed; and it is upon the deed and the warranty therein contained that the plaintiffs rely for a recovery in this action.

In addition to the deed, they have introduced here an article of agreement, unexecuted, but which they have proven was written on April 20, 1875, by 'Squire Lytle at the direction of Mr. Giles, for the sale to the plaintiffs of this very piece of land; and it seems that that paper, which the witness testified he drew by direction of Mr. Giles and according to his instructions, contains no reservation, either. Now, upon those papers the plaintiffs ask you to find that they were entitled to receive the coal, as well as the surface of this tract of land, and not having received it, and the defendant admitting he did not have title and could not give it to them, then they are entitled to recover damages, by reason thereof, from the defendant. As we have said, if there were nothing else in the case, that would be the end of it, and they would be entitled to recover.

But the defendants allege that they did not, in fact, sell the coal to the plaintiffs, and that the fact that no reservation appears in the deed arises from a mistake on the part of the parties, or on the part of the scrivener, at the time the papers were made and executed. And they introduce testimony here to show that the bargain between the parties was for the sale of the land, reserving the coal; and that the execution of the deed afterwards, without such reservation being made, was a mere mistake on the part of the parties, and that it was never the intention to convey the coal, and was so understood by the parties to the agreement at the time. In support of that, they introduce the testimony of three witnesses who were present at the time a conversation occurred between Mr. Staf-

Charge of Court below.

ford, one of the plaintiffs, and the defendant, Thomas Giles, their vendor, when they were dealing for this land, the conversation occurring in the bar-room of the hotel which Mr. Giles at that time kept in the borough of New Haven, in this county. The first of these witnesses was Wash Johnson. He says that he has been acquainted with this land for a number of years, twelve or thirteen, and that some twelve or thirteen years ago he remembers of being in Mr. Giles's bar-room, where he says he was in the habit of going frequently, and heard there a conversation between Mr. Giles and Mr. Stafford in regard to this tract of land, in which conversation Mr. Giles said to Mr. Stafford that he could sell them the surface but could not sell them the coal; that he did not have the coal; the coal had been disposed of by a former owner; and that, in reply to that, Stafford said that he knew he did not have the coal, what they wanted was the land for a brick yard. . Another witness, present at that time, was the grandson of Mr. Giles, Mr. John Smalley, who says he was present when the conversation occurred in regard to this matter; that Mr. Stafford came in, I believe, with a son of Mr. Giles; that they had been out to look at this property, and that at that time Mr. Giles told them that he would sell the plaintiffs the piece of land for $1,500, but could not sell them the coal; that he had no title to it; and Mr. Stafford then said that if he would not take less than that, they would take it, and for him to make out the deed. And John Porter, a son-in-law of Mr. Giles, testifies that he was present and says he heard the same conversation, or, in effect, the same conversation, between the parties, Stafford and Giles, in regard to this coal; and they ask the jury to find from that testimony that it was the understanding between the parties, that the plaintiffs were not purchasing the coal, and the defendant was not to convey the coal; that they there agreed upon a price with the express understanding that the coal was not to be embraced in the land conveyed, and that the subsequent neglect to embrace the reservation in the deed was by error or mistake, and that it was not the intention of the parties to have the coal conveyed at all.

[If that testimony is believed by the jury, it would be for them then to determine whether or not, from the fact that this conversation occurred, it was the intention of the parties simply

to have the land conveyed without the coal, or whether it was to include the coal. The testimony and the effect of it, and all the inferences properly deducible from it are for the jury; and that is what the defendants argue here, that the fair inference from that testimony is, if it is believed, that the sale was of the land without the coal, and that it should have been embraced in the deed, that fact, and was left out by mistake. In addition to that, the defendants allege that the testimony on the part of the plaintiffs here, on the question of damages, goes to show that it was not the intention of the parties to convey the coal; because, if the testimony on the part of the plaintiffs is to be believed, that coal was worth fully as much or more, alone, without the surface, than they would have paid for the coal, surface and all; because the witnesses on the part of the plaintiffs testify that the coal was worth from two hundred to two hundred and fifty dollars an acre at that time, for the quantity of coal here conveyed, we take it, but it brought over the price paid for the surface, alone; and they say also, that the testimony in regard to the value of the surface alone at that time is, that surface was selling in the neighborhood of two hundred dollars an acre, which they claim goes to show that if the coal and surface both had been intended to be conveyed, the value of it goes to show that instead of the price obtained, the price for both would have been nearly double that; and this they claim is another fact for you to take into consideration in determining what the real intention of the parties was, and whether or not a mistake was made in the deed at the time the deed was executed.] [3] . . . . .

The plaintiffs having given in evidence the deeds here in this case, and it being admitted that the coal was not owned by the vendor; that he never gave them possession or title to it, they would be entitled to recover unless the defendant has satisfied you by the testimony here, that the intention of the parties at that time was that the coal was not to be conveyed, and that there was an error or mistake committed in having the deed make no reservation to that effect; and, if the defendant has so satisfied you, then your verdict ought to be for the defendant. If that was the agreement at the time, any claim now to the contrary is not just, but it is the duty of the defendant to satisfy you of that fact.

The plaintiffs have requested the court to charge you :

Arguments.

1. That, under all the evidence in this case, the verdict should be for the plaintiffs.

Answer : Refused.[1]

2. That the deed of Thomas Giles to the plaintiffs cannot be reformed except upon clear and convincing evidence of a mistake on the part of Giles and Stafford and Kilpatrick, or that the scrivener wrote therein contrary to the instructions and intentions of Giles and both the plaintiffs.

Answer : That point is correct and is affirmed, as we have already in effect instructed you. But the jury will understand that when we say both Stafford and Kilpatrick, it does not follow of necessity that Kilpatrick need to have been present at the time the conversation occurred, wherein the bargain was made and the understanding arrived at, that the coal was not to be embraced, because if the jury find that it was Stafford that was conducting the negotiations for the purchase of the property, he would then be acting as well for Kilpatrick as himself, and his actions at that time in negotiating the sale and purchase of the property would affect Kilpatrick just as well as himself.[2]

—The jury returned a verdict for the defendant. Judgment having been entered, the plaintiffs took this appeal assigning for error :

1, 2. The answers to plaintiffs' points.[1][2]

3. The part of the charge embraced in [ ] [3]

*Mr. Edward Campbell* (with him *Mr. P. S. Newmyer*), for the appellants.

Counsel cited : 1 Story's Eq., §§ 134, 157 ; Cooper v. Farmers Ins. Co., 50 Pa. 299 ; 2 Pomeroy's Eq., § 859 ; Shelburne v. Inchiquin, 1 Bro. C. C. 347 ; Murray v. Railroad Co., 103 Pa. 37 ; Sylvius v. Kosek, 117 Pa. 67 ; Quick v. Van Auken, 3 Penny. 469 ; Conrow v. Conrow, 1 Mona. 140 ; Jackson v. Payne, 114 Pa. 67.

*Mr. R. H. Lindsey*, for the appellee.

Counsel cited : Attorney General v. Sitwell, 1 Y. & C. 534 ; Spencer v. Colt, 89 Pa. 314 ; Young v. Edwards, 72 Pa. 257 ; Cullmans v. Lindsay, 114 Pa. 166 ; Hartley's App., 103 Pa. 25 ; Rowand v. Finney, 96 Pa. 196 ; McGrann v. Railroad Co., 111 Pa. 183.

Opinion of the Court.

PER CURIAM:

In this action of covenant on the general warranty contained in the deed of defendant's intestate to plaintiffs, the defence was that the vendor did not intend to convey, nor did plaintiffs suppose they were buying, the seven-foot vein of coal underlying the land described in the deed; that the coal had been sold and conveyed by a former owner of the land, and, by mutual mistake of defendant's intestate and the plaintiffs, a clause, excepting said coal from the operation of the deed, was omitted therefrom. Evidence was introduced for the purpose of proving these facts, and the sole question was whether it was sufficient to reform the deed in that respect. The learned judge of the Common Pleas thought it was, and he accordingly submitted it to the jury, with instructions to which no just exception can be taken. He refused to charge, as requested in plaintiffs' first point, that, under the evidence, the verdict should be in their favor; but he affirmed their second point, wherein he was requested to charge " that the deed of Thomas Giles to plaintiffs cannot be reformed, except upon clear and convincing evidence of a mistake on the part of Giles and Stafford and Kilpatrick, or that the scrivener wrote therein contrary to the instructions of Giles and both of the plaintiffs." Other portions of the charge, recited in the second and third specifications, are not in conflict with that proposition. The case was fairly submitted to the jury on evidence that was clearly sufficient to justify them in reforming the deed in the manner claimed by defendant.

In view of the evidence, it is difficult to see how the jury could have done otherwise than find as they did. It was clearly and conclusively shown that plaintiffs knew their vendor did not own the coal, and did not intend to include it in his sale and conveyance to them; and it is equally clear that they never could have supposed they were buying it. Neither of the specifications of error is sustained.

Judgment affirmed.