# Baab *v.* Houser, Appellant.

*Deed—Reformation of deed—Mistake—Equity—Evidence.*

The jurisdiction of equity to reform a deed which by mistake fails to express the intention of the parties is unquestionable. It is, however, a power to be exercised with great caution, to avoid infringing upon the statute of frauds, and only in very clear cases, especially where parties are witnesses and the decree must rest even partially on their testimony.

A deed will be reformed so as to make it a conveyance of a fee with a reservation of coal where the evidence for the grantor in an equity suit for reformation shows that in the deed as executed the word " surface " had been interlined by the scrivener in the presence of the parties at the time of the execution of the deed; that the bargain was for the land excepting the coal; that the deed had not been written as it should have been

on a blank containing a reservation of coal; that the word "surface" had been interlined with the intention of supplying the omission; and that the defendant on several occasions had admitted that he had not bought the coal. In such a case the decree of reformation should be made with an express saving of all intervening rights.

Argued April 14, 1902. Appeal, No. 137, Jan. T., 1901, by defendant, from decree of C. P. Luzerne Co., Oct. T., 1895, No. 13, on bill in equity in case of Charles Baab v. John B. Houser. Before McCOLLUM, C. J., MITCHELL, DEAN, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity to reform a deed.

From the evidence for the plaintiff it appeared that it had been the intention of the parties that the deed should convey a fee in the land with a reservation of the coal, but that the reservation of the coal had been omitted by the scrivener who attempted to supply its place by interlining the word "surface" at the time the deed was executed by the parties.

The court entered the following decree:

And now, March 7, 1901, this case having been fully heard, and after argument by counsel and due consideration thereof, it is ordered, adjudged and decreed as follows, viz: That the said plaintiff, Charles Baab, may reform and rectify his deed to the said defendant, John B. Houser, bearing date January, 1893, and recorded in the office for recording deeds, etc., in and for Luzerne county, in deed book No. 316, page 309, etc., by executing and delivering, in lieu and place thereof, a similar deed to the said John B. Houser, but omitting therefrom the words, "all that certain surface, messuage, or tenement and tract of land," as contained in the grant of the said recited deed, and inserting in their stead the words, "all that certain surface or right of soil in and to the following piece, parcel or tract of land" in the said grant, and also inserting the words "excepting and reserving to the said Charles Baab, his heirs and assigns, all the coal and other minerals under the said described tract of land," immediately after the grant aforesaid, and also inserting the words, "excepting and reserving as aforesaid," after the habendum.

And further, that the said John B. Houser accept the said amended and corrected deed in lieu and place of the said deed

of January 9, 1893, for the purpose of cancelation; the fees for recording said amended and corrected deed to be paid by the said Charles Baab.

And further, that the recorder of deeds, etc., in and for Luzerne county aforesaid, cancel upon the record the said deed of January 9, 1893, recorded as aforesaid, by noting upon the margin of the record thereof the following words: " Now," (inserting date), " the within deed canceled by order of the court of common pleas of Luzerne county (sitting in equity), according to the decree of the court issued in the case of Charles Baab against John B. Houser, to No. 13, October term, 1895, in the proceedings of said court, a new deed having been made pursuant to said decree.  See deed book No." (inserting number of deed book), " page " (inserting number of page), " where the same is recorded."

And further, that the costs of the case be paid by the plaintiff, Charles Baab.

*Error assigned* was the decree of the court.

*A. Ricketts*, with him *D. O. Coughlin*, for appellant.—We submit that the claim and case presented by plaintiff herein is directly in the face of the statute.   Clothing it with the equitable doctrine of mistake does not cover and conceal its true character.   Stripped of all circuition and bedizenment, it is simply a claim of right to a conveyance of land; and more than merely that, of right to a reconveyance of a part of the land sold and conveyed by himself, by his own solemn deed, duly executed and delivered, with a full knowledge of all the facts, and of the character and condition of his deed, upon the mere alleged parol agreement of the defendant, that he might reserve the coal in said land, without the addition of a single requisite necessary to take the case out of the operation of the said statute: Chartiers Block Coal Co. v. Mellon, 152 Pa. 286; Fowler v. Fowler, 4 De G. & J. 250; Schotte v. Meredith, 197 Pa. 496.

If there was any mistake at all, it was simply one of law, which presents no ground for relief; certainly not under the circumstances shown by plaintiff himself: Rankin v. Mortimere, 7 Watts, 372; McAninch and Wife v. Laughlin, 13 Pa. 371; Peters v. Florence, 38 Pa. 194; Gross v. Leber, 47 Pa. 520;

Glidden v. Strupler, 52 Pa. 400, 405 ; Hunt v. Rousmaniere, 1 Peters, 1 ; Bank of United States v. Daniel, 12 Peters, 32.

*J. B. Woodward,* with him *Arthur Hillman* and *A. H. Mc-Clintock,* for appellee.—A court of equity will relieve parties from the consequence of a mistake of a third party, who acts in a ministerial capacity ; as the mistake of a scrivener in drawing an agreement or a surveyor in measuring land : Jenks v. Fritz, 7 W. & S. 201; Hunt v. Rousmaniere, 8 Wheaton, 174 ; Board of Commissioners of Hamilton Co. v. Owens, 37 N. E. Repr. 602.

Equity will relieve where the deed does not conform to the real agreement : Stafford v. Giles, 135 Pa. 411 ; Kostenbader v. Peters, 80 Pa. 438; Wright v. Delafield, 23 Barb. (N. Y.) 498 ; Wanner v. Sisson, 29 N. J. Eq. 141.

OPINION BY MR. JUSTICE MITCHELL, October 13, 1902:

The jurisdiction of equity to reform a deed which by mistake fails to express the intention of the parties at the time is unquestionable : Cook v. Liston, 192 Pa. 19 ; Stafford v. Giles, 135 Pa. 411. It is, however, a power to be exercised with great caution to avoid infringing upon the statute of frauds, and only in very clear cases, especially where parties are witnesses and the decree must rest even partially on their testimony.

In the present case, however, the evidence is ample.

We have in the first place the insertion of the unusual word "surface" in the grant, and the fact that it was interlined by the scrivener in the presence of the parties at the time of the execution of the deed. This in itself is evidence tending to show that something different from the ordinary conveyance of the whole land was in the contemplation of the parties.

This inference is corroborated by the positive testimony of the complainant and his brother that the bargain was for the land excepting the coal ; the testimony of the scrivener that the deed by his mistake was not written as it should have been on a blank containing a reservation of the coal, and that the word "surface" was interlined with the intention of supplying that omission ; and the testimony of the scrivener and another witness, Lazarus, that the defendant on several subsequent occasions admitted that he had not bought the coal. Against this

474        BAAB *v.* HAUSER, Appellant.

there is only the defendant's testimony that nothing was said about the coal and that the deed expressed the actual transaction. It is a perfectly clear case for reformation of the deed.

The decree, however, is somewhat too broad in form. There is no evidence that any minerals were intended to be reserved except the coal, or that there was to be any other variance from an ordinary conveyance of the fee. The new deed, therefore, which the decree directs the plaintiff to make and the defendant to accept, should not be for the surface only but in the ordinary form for the conveyance of the entire fee in the land, with a reservation of the coal in the usual form. The decree moreover should be made with an express saving of all intervening rights. So amended the decree is affirmed, costs to be paid by the appellee.