## Haines *v.* Stare, Appellant.

*Equity—Deeds—Mistake—Bill for reformation—Appeals—Moot questions.*

1. Where in a suit in equity for the reformation of a quit claim deed, it appeared that the inference was to be drawn from the acts and declarations of both parties that the deed was intended to convey only plaintiff's undivided interest in certain land, but that by mistake certain other land owned by plaintiff in severalty was included in the deed, for which the grantees gave no consideration, and for which they made no claim for more than eight years, the court made no error in reforming the deed so as to exclude from its operation such land owned in severalty by plaintiff.

2. On appeal from the decree entered in such case where defendants assigned for error the admission in evidence of testimony which was incompetent, but where they admitted in their paper book that the lower court gave no consideration whatever to such testimony in reaching its conclusions, the appeal was dismissed.

Argued April 12, 1915. Appeal, No. 183, Jan. T., 1914, by defendants, from decree of C. P. Luzerne Co., Oct. T., 1912, No. 4, in equity directing the reformation of a deed, in case of Albert E. Haines *v.* Jacob B. Stare and Stella Snyder and Jacob Snyder, her husband. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Bill in equity for the reformation of a deed.

FULLER, P. J., filed the following findings of fact and conclusions of law:

1. The plaintiff, Albert E. Haines, on September 15, 1903, executed, acknowledged and delivered to Jacob B. Stare and Sophia Stare, a quit claim deed of that date, recorded September 17, 1903, in Deed Book No. 413, page 491, of all his right, title and interest in a certain tract of land situate in the Borough of West Hazleton, and Township of Hazle, said county, containing 51 acres and 21 perches.

2. Said deed was intended and understood by the parties to convey only the plaintiff's undivided interest in certain unsold lots and in the unpaid purchase-money owing upon certain sold lots owned by the parties in common, but by a mutual mistake of the parties at the time of its execution, the deed embraced certain other lots owned by the plaintiff in severalty.

3. The conclusion of such mutual mistake is derived from the circumstances, (1) that the parties at the time were negotiating for an extinguishment of plaintiff's undivided interest, in settlement of a dispute amongst them respecting the same; (2) that the land owned by the plaintiff in severalty was not in their contemplation at all; (3) that the conveyance was only a quit claim of right, title and interest and not a warranty deed; (4) that the original general description of the entire tract as laid out in lots by the parties was naturally employed in drawing the conveyance, while the fact of plaintiff's ownership in severalty of a portion was by an easy inadvertence overlooked; (5) that one piece of the land held in severalty was the very homestead itself of the plaintiff, on which he was residing at the time and continued to reside afterward; (6) that each of the grantees made sundry subsequent declarations to the effect that plaintiff owned the land in question; (7) that neither of the grantees made any effort to take possession, or any assertion of ownership, or any manifestation whatsoever indicating a claim to the land, neither Sophia Stare prior to her death in 1906, nor her devisees and Jacob B. Stare, until November, 1911, when ejectment was brought for the homestead property, and that during the period from 1903 to 1911 all of the land was permitted to be assessed as the property of the plaintiff and his later grantees; (8) that the consideration moving to the plaintiff in the transaction was $650 in cash, for his interest, amounting to about $1,300, in the unpaid purchase-money, and a conveyance of their interest in ten of the unsold lots for his interest in about sixty of those

lots, a very advantageous transaction for them, with the balance of consideration largely in their favor in respect to the extinguishment of his undivided interest; and the inclusion of the property in question would give them additional value amounting to $3,000 for which they gave absolutely no consideration whatever.

4. The plaintiff by warranty deed in 1904, conveyed the homestead property to Lahm and in 1910, by like deed, conveyed the other property to Jones. Lahm in 1908 conveyed to White. White and Jones now have possession under those deeds.

5. Sophia Stare died November 24, 1906, testate, devising all her real estate to the present defendants.

6. The mistake was not discovered by plaintiff until after November 17, 1911, when the defendants brought ejectment for the homestead property.

7. The intention of the parties and the equities of the situation can only be conserved by reforming the conveyance as prayed in the bill and hereafter set forth in the decree nisi.

We state in our own language the following conclusions of law:

1. Plaintiff has clearly established his right to reformation of the deed unless debarred by his own inadvertence at the time of its execution.

2. His inadvertence, however, in which the grantees shared, was quite natural under all the circumstances, does not belong in the category of supine negligence which would bar relief, and would be too harshly punished by refusing the reformation which would make the conveyance conform with the plain intention of the parties and with the manifest equities of the situation.

3. The prayer for relief should be granted.

Exceptions to the findings of fact and conclusions of law were dismissed by the court in banc. Defendants appealed.

*Errors assigned* were rulings on evidence and in dismissing the exceptions.

*W. Alfred Valentine,* with him *Charles E. Keck* and *Fred L. Smith,* for appellants.

*Granville J. Clark,* for appellees.

PER CURIAM, May 17, 1915:

The bill of the complainant was for the reformation of a deed. His incompetency as a witness to matters occurring in the lifetime of Sophia Stare, a deceased grantee, is the subject of the first assignment of error. It is not necessary for us to pass upon the question of his competency, for an admission of counsel for appellants in their history of the case is that his testimony was eliminated by the learned chancellor in making the decree. It is affirmed on the facts found and the conclusions reached by the trial judge.

Appeal dismissed at appellants' costs.