Krieger et al. *v.* Rizzo and Rizzo, Appellants.

430

Argued April 19, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*J. J. Kintner,* and with him *Ellis L. Orvis,* for appellant.

*Everett E. Custer,* and with him *A. Lloyd Adams,* for appellees.

Opinion by Gawthrop, J., July 14, 1932:

On September 13, 1929, Nick Toronto and his wife, and the heirs of Eliabeth Krieger filed a bill in equity against Antonio Rizzo and his wife asking for reformation of a deed made by Elizabeth Krieger's heirs to the Torontos, and also a deed from the Krieger

heirs to defendants and for a mandatory order requiring defendants to compensate plaintiffs for damage done to the premises of the latter. The bill averred that on June 3, 1924, William C. Krieger, as agent for the Krieger Estate, entered into an agreement for the sale of a property in the City of Johnstown to Toronto and his wife, and that when the deed of conveyance was prepared and executed the attorney for the Kriegers, through mistake and because of erroneous data supplied to him by William C. Krieger, wrote the deed so as to convey less ground than embraced by the contract between the parties. The bill further averred that subsequently William C. Krieger entered into negotiations for the sale of adjoining premises to defendants, and that the conveyance to defendants, through a similar mistake, contained an erroneous description and included more ground than was covered by the contract between the parties. Defendants filed an answer in which they denied that any mistake had been made in the preparation of the deeds and averred that the descriptions contained therein were in accordance with the contracts between the parties. After a hearing a decree was entered directing that the deeds be reformed in accordance with the prayer of the bill, and that defendants replace and restore a fence marking the dividing line between the property of plaintiffs and defendants, as well as a concrete walk destroyed by defendants. From the order made this appeal has been taken, and the assignments of error are largely directed to findings of fact which, of course, are to be sustained if supported by competent evidence: Radnor Bldg. & Loan Assn. v. Scott, 277 Pa. 56.

The material facts in the case which are either admitted or sustained by the evidence are these: Elizabeth Krieger was the owner of Lot No. 31 in the Ninth Ward of the City of Johnstown upon which was erected one single and four double houses, all occupied by tenants. She died intestate September 13, 1911, and

thereafter her son, William C. Krieger, was appointed by her heirs as agent to look after the properties, as well as to negotiate the sale of the same. In 1919 Krieger employed an engineer to make a survey to secure correct descriptions of the various parcels of the property which might be sold. As each of the houses was enclosed by fences the engineer was instructed to make his blue print according to the conditions on the ground. The engineer gave Krieger a blue print of the property which was delivered by him to his attorney, Adams. A short time afterwards the engineer discovered that a mistake had been made in that a line which appeared in the surveyor's notebook as 31.6 feet should have been 36.1. A corrected blue print was prepared and delivered to Krieger who was instructed to destroy the erroneous blue print. However, this blue print was not delivered to Adams. On June 3, 1924, Krieger and Nick Toronto went upon the ground and Toronto agreed to purchase two double houses Nos. 778-780 and 782-784 Lucas Alley, as defined by the fences surrounding the same, for $11,375. On June 5, 1924 Toronto secured his deed and took possession. It was prepared by Adams according to the erroneous blue print. Subsequent to the sale to the Torontos Krieger showed defendants the double house adjoining the Toronto property and pointed out the property as enclosed by the fences thereon. Defendants purchased this property and the erroneous blue print was used again in the preparation of their deed dated September 26, 1924. The chancellor found as a fact that the deed from the Kriegers to the Torontos called for less land than the parties intended, and that the deed from the Kriegers to the defendants called for more land than the parties intended; that when Krieger and defendants went upon the land Krieger agreed to sell and defendants agreed to purchase the land as defined by the fences on the ground; that defendants entered upon and took possession of the prop-

erty they intended and agreed to purchase in September, 1924, and continued in possession of the same until August, 1929, without suggestion or claim by word or act that the line dividing their property and the property of the Torontos was other than the fence, and that they were not aware until August, 1929, that their deed called for more land than that which was enclosed by the fence surrounding their property; that in July, 1929, the Torontos and defendants mutually agreed to construct, and did construct, a new fence on the line of the old fence and equally shared the cost thereof. The conclusion of law was reached that the mistake in each of the deeds was a mutual mistake between the grantors and the grantees, and that no equity had arisen in the defendants that would make it inequitable for the court to reform the two deeds so as to make them conform with the intentions of the parties.

Appellant insists, first, that the court had no jurisdiction because the proper remedy was an action in ejectment and the plaintiffs had adequate remedy at law. This question is raised by appellants for the first time in this appeal. It was not raised in limine nor in the answer, nor at any time in the court below. See also Act of June 7, 1907, P. L. 440. We might disregard it on that ground. But, under the authorities, the bill avers ample facts to give a court of equity jurisdiction. The right to reformation of a deed in equity, if mutual mistakes appear, is unquestionable where the purpose is to correct the inaccurate description given therein, and make it conform to the intention of the parties: Radnor Bldg. & Loan Ass'n v. Scott, supra. In that case it was held that the court below properly overruled the demurrer, which raised the question of jurisdiction in limine and refused, on final hearing, to dismiss when the same objection was renewed. Where a mutual mistake in

the description appears, reformation of the deed will be directed notwithstanding an express denial by the defendant that an error was made: Baab v. Houser, 203 Pa. 470.

It is urged that the mistake, if any, was not mutual. We are fully persuaded that the finding that the mistake was mutual is supported by the evidence. Nor have we been convinced that William C. Krieger, in failing to place the corrected blue print in the hands of his attorney, was guilty of such negligence as prevents plaintiffs from obtaining the relief sought. On the other hand we are convinced that the evidence of mutual mistake measures up to the standard of proof required in cases in which reformation of a deed is sought on that ground. Our conclusion is, after a thorough consideration of the oral argument and brief presented by appellants and the authorities relied upon, that no reason has been shown for disturbing the decree of the court below.

The judgment is affirmed at appellants' costs.