Armstrong County Building and Loan Association of Ford City *v.* Guffey et al., Appellants.

Argued April 25, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Laurence S. Roberts,* for appellants.

*Edward J. Steiner,* with him *John W. Rohrer,* for appellee.

OPINION BY STADTFELD, J., June 29, 1938:

This is an appeal by defendant appellants from a decree of the Court of Common Pleas of Armstrong County, sitting in equity, directing the reformation of a deed to correct an admitted mistake in the lot numbers of certain lots intended to be conveyed.

The facts, which are fully set forth in the opinions of Judge GRAFF in the court below, are as follows: On December 10, 1929, appellants, being the owners of five contiguous lots of land in the Borough of Leechburg, Armstrong County, numbered 377, 378, 379, 380 and 381, entered into a written article of agreement with James F. Steele and David W. Steele, whereby they agreed to convey to said Steeles a clear and unencumbered title to property located at No. 630 on the east side of Second St., in said Borough. As consideration therefor, James F. Steele and wife and David W. Steele agreed to convey to appellants a certain farm located in Westmoreland County, known as the "James F. Steele and David W. Steele Farm," and also as the "Faulk Farm," containing 120 acres, more or less, and, in addition thereto, pay $600 in cash, $200 in farming implements and assumed a mortgage of $1,200. This article of agreement was never recorded.

The land which the appellants by said article of agreement agreed to convey to the Steeles was all of Lot

No. 381 and an adjoining strip of land 14 feet wide from the southwest portion of Lot No. 380 in the aforesaid plan of lots; said parcel of land having a frontage of 66 feet on Second St., extending back a distance of 110 feet to McCracken Alley, and having erected thereon a two-story brick dwelling house. Said parcel of land was the only improved portion of the said block of lots owned by the appellants, and had a value far in excess of any other parcel of land in the same block of lots.

On the 27th day of March, 1930, the appellants executed a deed for the purpose of conveying to the Steeles all the land which they had agreed to sell and convey. Said deed recited the consideration as being $6,000 and that the same had been received in full, and the deed was recorded in the office of the Recorder of Deeds of Armstrong County on March 31, 1930.

The description contained in the deed aforementioned is as follows: "All that certain lot and parcel of land situate in the Borough of Leechburg, County of Armstrong, State of Pennsylvania, fronting sixty-six (66) feet on Second Street, and running back, maintaining an even width, one hundred ten (110) feet to McCracken Alley. The same being all of Lot No. 377 and fourteen (14) feet of Lot No. 378 in the Additional Plan of Lots laid out by the Leechburg Realty Company, as the same appears of record in the office of the Recorder of Deeds in Armstrong County, aforesaid."

The description contained in the deed was a proper description of the land agreed to be conveyed, excepting only the designation of the lot numbers, the numbers of the lots agreed to be sold being all of Lot No. 381 and the adjoining fourteen feet of Lot No. 380.

The designation in said deed as Lot No. 377 and 14 feet of Lot No. 378, instead of Lot No. 381 and 14 feet of Lot No. 380, was an unintentional mistake upon the part of the vendors, or their scrivener. The appellants

believed, at the time of the execution and delivery of said deed, that they were conveying, and had conveyed, to James F. Steele and David W. Steele, the land agreed to be conveyed, same having erected thereon the said two-story brick dwelling house; and said James F. Steele and David W. Steele believed that said deed did convey to them the land which they had agreed to purchase which had erected thereon said dwelling house.

In pursuance of the aforesaid written agreement, James F. Steele, widower, conveyed to Robert K. Guffey and Harriet Malinda Guffey that certain real estate in Allegheny Township, Westmoreland County, known as "James F. Steele and David W. Steele Farm," or the "Faulk Farm," said deed being dated March 21, 1930, and recorded April 1, 1930, in the Recorder's Office of Westmoreland County. This deed conveyed a good and marketable title to all of the land described in the deed, with the exception that the failure of David W. Steele to sign said deed left outstanding an undivided one-half interest in the second tract described in the deed, being 10.29 acres.

Upon the 6th day of June, 1930, James F. Steele and David W. Steele took possession of Lot No. 381 and the adjoining 14 feet of Lot No. 380, in the hereinbefore mentioned plan of lots, and thereafter the appellants have not at any time used or occupied said parcel of land or the dwelling house thereon. All of said land and dwelling house has been occupied exclusively by the aforementioned grantees, or their successors in title.

James F. Steele and David W. Steele, upon the 12th day of November, 1930, borrowed from the appellee the sum of $3,000, and, as security for the repayment thereof, executed and delivered to the appellee a mortgage bond and mortgage. Said mortgage was duly recorded in the office of the Recorder of Deeds of Armstrong County upon November 15, 1930. James F. Steele and David W. Steele by said writing intended to

mortgage to the appellee all the land which they believed had been conveyed to them by the appellants, to-wit: Lot No. 381 and the adjoining 14 feet of Lot No. 380, having erected thereon a two-story brick dwelling. The description in said mortgage was the same as that contained in the deed from the appellants to the mortgagor. Appellee accepted said mortgage in the belief that the land described in the mortgage had erected thereon a two-story brick dwelling house.

On the 28th day of September, 1932, the mortgagors being in default, appellee caused judgment to be entered upon said mortgage, and the premises to be sold at sheriff's sale. The sheriff of Armstrong County levied upon and sold to the appellee, upon the 3d day of December, 1932, a piece of land as described in the mortgage, having thereon erected a two-story brick dwelling house.

Thereafter, in pursuance of said execution and sheriff's sale the sheriff of Armstrong County executed and caused to be recorded a deed to the appellee for the conveyance of the land levied upon and sold by him, the description in the sheriff's deed being the same as contained in said mortgage; and the original mistake of appellants in the designation of lot numbers was continued in the sheriff's deed.

The error in the description contained in the deed from appellants to James F. Steele and David W. Steele was not discovered by the appellee until September 5, 1936, and shortly after such discovery, appellee tendered delivery to appellants of a duly executed deed for the reconveyance of the land described in appellant's deed to the Steeles, and demanded that appellants execute and deliver to it a deed of conveyance of the land which appellants had agreed and intended to convey to the Steeles. Appellee also offered to pay all costs and expenses incident to the preparation of such deed and the acknowledgment and recording thereof.

Appellants, however, refused to execute and deliver said deed.

The chancellor also made, inter alia, the following conclusions of law: "I. The alleged partial failure of consideration for the conveyance by defendants to James F. Steele and David W. Steele constitutes no valid legal or equitable defense to plaintiff's right to reformation of the deed. II. The rights of plaintiff are not affected by the alleged secret equities between defendants and James F. Steele and David W. Steele. ...... V. Plaintiff is entitled to a decree of reformation of the deed from defendants to David W. Steele and James F. Steele, as prayed for in the Bill of Complaint."

The court also directed that the deed from appellants to David W. Steele and James F. Steele, be reformed in accordance with the prayer of the bill, and directed that appellants execute and deliver to appellee a good and sufficient deed for the conveyance of the land which appellants agreed to convey to the said David W. Steele and James F. Steele.

Exceptions to the findings and conclusions aforesaid were overruled and final decree entered in accordance therewith.

Twenty-three assignments of error have been filed, most of which relate to the findings of fact, or refusal to find certain facts. A careful examination of the record shows that the facts as found are either undisputed or fully supported by the testimony. They do not require separate discussion.

The only questions necessary to consider are whether, under the established facts appellee is entitled to the relief prayed for, and whether all the necessary parties have been brought on the record.

No evidence was presented by the appellants in the court below as to the location or value of the 10.29 acres to which appellants received only an undivided one-half interest, or to the damage, if any, suffered by the ap-

pellants. The article of agreement on which appellants rely states the acreage of the Faulk Farm to be 120 acres, more or less.

The appellee, Armstrong County Building and Loan Association of Ford City, Pennsylvania, has offered to reconvey and remains ready and willing to reconvey to the appellants the lots of land described in the deed. It is thus offering to do all that is in its power to do. It cannot convey to the appellants the other undivided one-half interest in the 10.29 acres, and its inability to act in this manner should not preclude it from having the original deed reformed and corrected, so as to conform to the undisputed intention of the parties.

The law is well settled that a court of equity has the right to reform a deed where mutual mistake appears: *Krieger et al. v. Rizzo*, 105 Pa. Superior Ct. 429, 161 A. 483. This case held that the right to reformation of a deed in equity, if mutual mistakes appear, is unquestionable where the purpose is to correct the inaccurate description given therein, and make it conform to the intention of the parties; also that where a mutual mistake in the description appears, reformation of the deed will be directed notwithstanding an express denial by the defendant that an error was made. See also: *Haines v. Stare*, 249 Pa. 494, 95 A. 81; *Radnor Bldg. & Loan Ass'n v. Scott*, 277 Pa. 56, 120 A. 804; *Baab v. Houser*, 203 Pa. 470, 53 A. 344.

Appellants raise the question whether the right to reformation extends to a purchaser at sheriff's sale. In *Radnor Bldg. & Loan Ass'n v. Scott et al.*, supra, in which the facts were greatly similar to those in the present case, that question was decided fully and squarely in favor of the appellee.

In the instant case, the article of agreement for the sale of the land was never recorded, and appellee never had actual or constructive notice of its existence until after the institution of this suit. Moreover, the deed

from appellants to the Steeles recites the payment of a consideration in the amount of $6,000. The right of appellants, if any, to set up the partial non-performance of the article of agreement on the part of the Steeles would be a secret equity so far as concerns appellee, either as mortgagee or as sheriff's vendee.

In *Logan v. Eva*, 144 Pa. 312, 22 A. 757, the Supreme Court by Mr. Justice McCollum said, at pp. 320, 321: "It is well settled that a purchaser of land is unaffected by a secret trust or equity unknown to him, and that he may pass title thereto, untrammeled by the trust, to a person who has notice of it. 'A mortgagee is regarded as a purchaser, and is protected from all secret equities and trusts of which he had no notice: *Heister v. Fortner*, 2 Binn. 40; *Cover v. Black*, 1 Barr 493. Notice to a purchaser at the sheriff's sale on the mortgage comes entirely too late, if the mortgagee had no notice when the mortgage was executed': *Martin v. Jackson*, 27 Pa. 504."

A purchaser of real estate at a foreclosure sale acquires a title clear of any defects not apparent on the face of the record even though he is the foreclosing mortgagee: *Smith v. Painter*, 5 Serg. & Rawle 223.

In *Beaver County Bldg. & Loan Ass'n v. Winowich et ux.*, 323 Pa. 483, 187 A. 921, the Supreme Court, in an opinion by Mr. Justice Stern, said at p. 490: "It was immaterial to the mortgagee's rights whether he himself or some third person became the purchaser of the mortgaged property at the sheriff's sale: *White's Estate*, 322 Pa. 85, 89. As such purchaser the mortgagee obtained a new status in no way dependent upon his previous relationship to the mortgagor, and of the same legal attributes as that of any other purchaser of real estate at a judicial sale."

Appellants invoke the maxims in equity that "he who comes into Equity must do so with clean hands," and "He who seeks Equity must do Equity." The first of

those maxims is clearly inapplicable. No charge has been made that appellee has been guilty of any breach of contract or good faith. Appellee, moreover, manifested its willingness to do equity by tendering appellants a deed containing the same description as that set forth in the deed sought to be reformed and to pay all expense incident to the execution and delivery by appellants of a deed containing a correct description of the premises which appellants agreed to sell to the Steeles. It is not now and never was within the power of appellee to complete the performance of the undertakings of the Steeles in the article of agreement for the sale of the land.

If the appellants have a grievance recognizable in law, it must be against James F. Steele and David W. Steele. The appellee is an innocent purchaser for value who had no knowledge of any written agreement prior to the answer filed to the Bill in Equity and cannot be held responsible for the neglect of the appellants to procure the signatures on the deed of all the parties who were parties to the article of agreement.

Quoting from the opinion of the court below: "Defendants contend that plaintiff's right to reformation depends solely upon the written agreement entered into between them and the Steeles, dated December 10, 1929 and, since the plaintiff is successor in title to the Steeles, that its equitable remedy can rise no higher than that of the original grantees; that, inasmuch as the Steeles failed to convey the full consideration mentioned in the agreement, no reformation can be had until the terms of said agreement have been fully complied with. It is clear that the defendants failed to make any distinction between the two equitable remedies of reformation and specific performance. The plaintiff's claim rests solely upon the deed containing the mistake in description. The evidence clearly discloses a mutual mistake in the description in the deed,

and further, that the rights of no persons have intervened to prevent the plaintiff from receiving the aid of equity, in order to have the mistake remedied."

In reformation proceedings the feature of consideration is not material. Bouvier sums it up as follows: "A person who seeks to rectify a deed on the ground of mistake must establish in the clearest and most satisfactory manner, that the alleged intention to which he desires it to be made conformable continued concurrently in the minds of all the parties down to the time of its execution; and also must be able to show exactly and precisely the form to which the deed ought to be brought."

Appellants also contended in the court below that the Receiver of Farmers National Bank of Leechburg, Pa., was a necessary party and should have been joined as a party defendant, because of a judgment which it had entered against the defendants in the Court of Common Pleas of Armstrong County, on June 19, 1930, and duly revived on June 7, 1935, the plaintiff in said judgment having had no actual or constructive notice of the written agreement dated June 19, 1929.

The court below in relation to this judgment found as a fact that the date on which the judgment was entered, to-wit: June 19, 1930, was subsequent to the date on which the said James F. Steele and David W. Steele, through their tenant, entered into the use, enjoyment and exclusive possession of the parcel of land which defendants had agreed to sell and convey to the said James F. Steele and David W. Steele, and the dwelling erected thereon, and therefor said judgment creditor acquired no rights with reference to such premises which would be adversely affected by a decree of reformation. It also appeared that the said judgment had not been revived against the Steeles, or their successors, as terre tenants, within the statutory period and there could be no lien against the property. The

said bank is therefore neither a necessary nor a proper party.

The cases cited by appellant are readily distinguishable from the instant case. Quoting from the opinion of the court below: "In *Lenheim v. Smith*, 54 Pa. Superior Ct. 147, the proceeding was for the reformation of a deed. The court there found that, whilst a mutual mistake in the deed existed, it could not reform it, because the right of innocent purchasers for value had intervened. The case of *Reilly v. City Deposit Bank and Trust Co.*, 118 Pa. Superior Ct. 222, was a bill to compel specific performance of a contract. There the assignee of a mortgagor was attempting to compel the mortgagee to abide by certain covenants contained in the mortgage. Clearly the mortgagee had a defense of failure of performance upon the part of the mortgagor. In the case of *Chandler v. Chandler*, 220 Pa. 311, again the remedy sought was specific performance of an executory contract, and therefore could be no authority in the present case."

We believe that there is no merit in any of the assignments of error and that the decree of the court below is fully warranted under the undisputed facts.

Decree affirmed at cost of appellants.