J-A31032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHRISTOPHER D. DOWNS AND KIMBERLY R. DOWNS AND TRANSCONTINENTAL GAS PIPELINE COMPANY, LLC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| WILLIAM F. FLYNN AND BABETTE A. FLYNN, | |
| Appellees | No. 359 MDA 2015 |

Appeal from the Judgment Entered April 8, 2015
in the Court of Common Pleas of Lycoming County
Civil Division at No.: 13-00519

| | |
|---|---|
| CHRISTOPHER D. DOWNS AND KIMBERLY R. DOWNS AND TRANSCONTINENTAL GAS PIPELINE COMPANY, LLC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| WILLIAM F. FLYNN AND BABETTE A. FLYNN, | |
| Appellants | No. 403 MDA 2015 |

Appeal from the Judgment Entered April 8, 2015
in the Court of Common Pleas of Lycoming County
Civil Division at No.: 13-00519

J-A31032-15

BEFORE: PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                              **FILED JANUARY 08, 2016**

Appellants, Christopher D. Downs, Kimberly R. Downs, and Transcontinental Gas Pipeline Co. (Transco) appeal from the judgment entered in favor of Appellees, William F. Flynn and Babette A. Flynn, on April 8, 2015 following a non-jury trial in this matter. Appellants claim that the trial court erred in finding that it could not reform the subject deeds and in issuing an injunction against the parties. Appellees filed a cross-appeal in which they claim that the trial court erred in not awarding damages for trespass. We affirm in part and vacate in part.

We take the facts and procedural history of this case from the trial court's February 10, 2015 opinion, the notes of testimony of the October 27, 2014 non-jury trial, and our independent review of the record. This is a dispute between neighbors Appellants and Appellees, concerning land sold to each by Transco. Appellants contend that a mistake occurred in the description of the common boundary line of the add-on lots purchased by each party and seek reformation of the deeds to correct the alleged mistake by moving the common boundary line between their add-on lots to the east by thirty feet so that it meets the boundary line between their original properties.

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

Appellees contend that no mistake occurred in drafting the deeds, and seek damages in trespass for Appellants' entrance onto the thirty-foot section of land in question.

At the conclusion of a non-jury trial on October 27, 2014, the trial court found:

> The key question here is does a unilateral mistake of this nature justify the reformation of a deed. Now, let's take it a part [sic] a little bit, okay. The original owner of the land is [Transco]. They didn't make any mistake. They didn't really do anything wrong.
>
> What they did was that they had a response to a legitimate inquiry by one of [the parties'] neighbors, Mr. Mayer, who went to them and said ["]hey can you peel off this piece of land so I can buy a garage[?"] or whatever it was that he wanted. And they said ["]sure; but, you know what, we'll do it if you can get your neighbors to buy the whole lot.["] They never prescribed any methodology that I heard of for division.
>
> Okay. So Mr. Mayer goes and talks to a whole bunch of neighbors. And I don't think that he set any particular standards for the subdivision. He just asked what they wanted. And lo and behold they have Larson [Design Group] draw up a subdivision.
>
> Now, this is where the mistake, if any, comes in. Did Larson make a mistake when they did the subdivision? The answer to that question is I'm not sure. They certainly made— they certainly—Mr. Weaver[, a professional land surveyor who worked for Larson Design Group and surveyed the land in question,] certainly said yes, if I had known the line [between Appellants' and Appellees' original properties] was over I would have run the line [between the add-on lots] from that southwest corner. It would have made sense. I guess one can interpret that as a mistake in where he put the line without any kind of direction from really either Mr. Mayer or from Transco.
>
> Now, everybody takes a look at [the subdivision plan]. And the real mistake is [Appellants']. They look at it, and they never discover that the line is [thirty-]feet west of where they

would have liked the line.  They never picked that up.  In the meantime, everybody goes forward with their transaction; and [Appellees] buy the parcel as it is subdivided.

*     *     *

And so now [Appellants] say, ["]well, you know what, [the common boundary line between the add-on lots] is in the wrong place; I want my thirty feet back.["] . . .

*     *     *

And I accept the testimony of [Appellees] that, Mr. Downs, you threw your dog waste onto their property and that Mrs. Downs probably used the F word to Mrs. Flynn.  And I understand that you may have issues with the way they keep their property or with the way that they have their lifestyle. . . .

(N.T. Trial, 10/27/15, 195-98).

Following the non-jury trial, the trial court issued an order entering judgment in favor of Appellees as to the claims raised by Appellants and entering judgment in favor of Appellees on their cross-claim for trespass where,

the court [did] not any award damages, however, on its own motion provides the following equitable relief:

All parties are hereby directed to refrain from conduct intended to annoy the other or otherwise interfere with the other's quiet enjoyment of their property.  It is the intent of the court that this provision be enforceable through the contempt powers of the Court of Common Pleas together with any other remedies at law, equity, or through the criminal process.

(Order, 11/20/14).

Both parties filed motions for post-trial relief, which the trial court denied in an opinion and order entered February 10, 2015. (**See** Trial Court Opinion, 2/10/15). In that opinion, the trial court reasoned that:

> . . . The surveyor, Mr. Weaver, testified however, that he was contacted by and contracted with a Mr. Mayer, one of the parties' neighbors, who initiated the transactions when he inquired with [Transco] whether he could buy one acre of ground behind his lot. Thus the court cannot find that Larson acted as an agent for all parties to the deeds. In any event, the testimony of [Appellees] makes it clear they were not misled by the mistake, they knew the boundary line of the add-on lots did not follow the original boundary line between their property and that of [Appellants], and thus there was no mutual mistake.
>
> *       *       *
>
> . . . [Appellants] have failed to prove it was [Appellees'] intention to have the boundary line of the add-on lot follow the boundary line of the original lots. Nothing was stated at the neighbors' meeting wherein the carving up of the land was discussed, [(**see** N.T. Hearing, 10/27/14, at 25-26).] . . . There is no evidence, let alone "clear and satisfactory proof", that [Appellees] shared [Appellants'] intent to have the boundary line of the add-on lot extend from the original boundary line. . . .

(**Id.** at 1-2) (footnote omitted).

Finally, with respect to the *sua sponte* injunction, the trial court reasoned that "[i]nasmuch as the directive merely restates [the parties'] legal obligations as neighboring landowners, the court fails to see why the relief is inappropriate." (**Id.** at 3).

On February 25, 2015, Appellants filed their timely notice of appeal. On March 3, 2015, Appellees filed their timely notice of appeal. Pursuant to the trial court's order, Appellees filed a timely concise statement of errors

complained of on appeal on March 13, 2015. *See* Pa.R.A.P. 1925(b). On March 17, 2015, Appellants filed a timely concise statement of errors complained of on appeal. *See id.* On March 30, 2015, the court filed an opinion in which it relied on its opinion and order denying the motions for post-trial relief. *See* Pa.R.A.P. 1925(a).

Appellants raise three questions for our review:

> 1. Whether the trial court erred in finding that it could not reform deeds based on a unilateral mistake?
>
> 2. Whether the trial court erred in determining that a mutual mistake did not occur?
>
> 3. Whether the trial court erred in issuing, *sua sponte*, an injunction[?]

(Appellants' Brief, at 4) (most capitalization omitted).

Appellees raise one question for our review:

> [1.] Is a property owner who is subjected to acts of repeated physical trespass upon his property, intentional throwing of rocks onto his property, repeated disposal of dog feces and other waste onto his property, and verbal abuse, entitled to recover an award of damages from the transgressor?

(Appellees' Brief, at 21) (most capitalization omitted).

In their first issue, Appellants claim that the trial court erred in not reforming the deeds because of a unilateral mistake.[1] (*See* Appellants' Brief, at 15-18). We disagree.

---

[1] We note that Appellants' first issue both challenges the trial court's conclusion at trial that it could not reform deeds based upon a unilateral
*(Footnote Continued Next Page)*

"When reviewing an equitable decree, our standard of review is limited. We will reverse only where the trial court was palpably erroneous, misapplied the law or committed a manifest abuse of discretion. Where there are any apparently reasonable grounds for the trial court's decision, we must affirm it." *Nebesho v. Brown*, 846 A.2d 721, 725 (Pa. Super. 2004) (internal quotation marks and citation omitted).

A court in equity may reform a deed based on a unilateral mistake "if the party against whom reformation is sought has such knowledge of the mistake as to justify an inference of fraud or bad faith." *Regions Mortg., Inc. v. Muthler*, 889 A.2d 39, 41 (Pa. 2005) (citation omitted). Furthermore, "the mistake under scrutiny, as well as the actual intent of the parties, must be clearly proven." *Dudash v. Dudash*, 460 A.2d 323, 327 (Pa. Super. 1983) (citation omitted).

Here, the trial court found that a unilateral mistake occurred where Appellants "look[ed] at [the subdivision plan drawn by Mr. Weaver], and they never discover[ed] that the line is [thirty-]feet west of where they would have liked the line. They never picked that up. In the meantime,

_(Footnote Continued)_ ————————————

mistake, (*see* Appellants' Brief, at 15), and the trial court's conclusion that reformation of these deeds because of a unilateral mistake was not appropriate, (*see id.*, at 15-18). We agree that a court may reform a deed based on a unilateral mistake. *See Dudash*, *infra* at 327. However, the trial court corrected this error in its opinion and, as discussed below, we agree with it that reformation based on a unilateral mistake is not appropriate here. (*See* Trial Ct. Op., at 2).

everybody goes forward with their transaction; and the [Appellees] buy the parcel as it is subdivided." (N.T. Trial, at 196). The trial court did not find, nor does our independent review of the record reveal, that either the property in the deed differed from the description of the add-on lot in the subdivision plan or that Appellants ever told Appellees, Mr. Weaver, or Transco that they intended their add-on lot be 130 feet wide rather than 100 feet wide. (*See* Trial Ct. Op., at 2).

Therefore, Appellants have not clearly proven that Appellees' purchase of their add-on lot—which included the thirty-foot wide section in question— was either the result of fraud or bad faith justifying reformation of the deed. *See Regions Mortg., Inc.*, *supra* at 41; *Dudash*, *supra* at 327. Accordingly, we conclude that the trial court properly exercised its discretion in not reforming the deeds based on a unilateral mistake. Appellants' first issue does not merit relief.

In their second issue, Appellants claim that the trial court erred in not reforming the deeds based upon a **mutual** mistake. (*See* Appellants' Brief, at 18-22). Specifically, they argue that they made a mistake in "failing to recognize that the add-on lot at the rear of their property was [thirty] feet narrower than it should have been" and although Appellees deny being mistaken about what they were purchasing, that should not prevent a finding of a mutual mistake. (*Id.* at 19; *see id.* at 18-19). We disagree.

Preliminarily we note that Appellants claim that Mr. Weaver was acting as an agent for all parties and, accordingly, the court should impute his error

in placing the boundary line between the add-on lots thirty-feet to the west to all parties and therefore should find that a mutual mistake occurred. (*See id.* at 20-21). Appellants correctly point out that, at trial, the court referred to Mr. Weaver as "the agent of all of these folks[.]" (N.T. Trial, at 196). However, in its opinion, the court explained that

> [Appellants] argue first that the court should have found a mutual mistake by finding that Larson Design Group was an agent of all parties to the deeds and since Larson's land surveyor made the mistake, such should be imputed to all parties. The surveyor, Mr. Weaver, testified however, that he was contacted by and contracted with a Mr. Mayer, one of the parties' neighbors, who initiated the transactions when he inquired with [Transco] whether he could buy one acre of ground behind his lot. Thus, the court cannot find that Larson acted as an agent for all parties to the deeds. . . .

(Trial Ct. Op., at 1-2) (footnote omitted).

We agree with the trial court's opinion that Mr. Weaver was not acting as an agent to all parties to the deeds. *See eToll, Inc. v. Elias/Savion Advert., Inc.*, 811 A.2d 10, 21 (Pa. Super. 2002) ("Agency results only if there is an agreement for the creation of a fiduciary relationship with control by the beneficiary.") (citation omitted). Here, Appellants have not met their burden of establishing an agency relationship between Mr. Weaver and all parties to the deeds. *See id.* Moreover, even if Mr. Weaver were acting as an agent to all parties, reformation on the basis of a mutual mistake would not be warranted because, as discussed below, Appellants failed to demonstrate a shared intent between the parties.

We review a trial court's equitable decree for an abuse of discretion. *See Nebesho*, *supra* at 725. "Courts of equity have jurisdiction to reform deeds and instruments where mutual mistake exists. A mutual mistake occurs when the written instrument fails to properly set forth the 'true' agreement among the parties." *Daddona v. Thorpe*, 749 A.2d 475, 487 (Pa. Super. 2000), *appeal denied*, 761 A.3d 550 (Pa. 2000) (citations omitted); *see also Krieger v. Rizzo*, 161 A. 483, 484 (Pa. Super. 1932) ("The right to reformation of a deed in equity, if mutual mistakes appear, is unquestionable where the purpose is to correct the inaccurate description given therein, and make it conform to the intention of the parties.") (citation omitted).

Here, the trial court found that "[Appellants] have failed to prove that it was [Appellees'] intention to have the boundary line of the add-on lot follow the boundary line of the original lots" and that "the testimony of [Appellees] makes it clear they were not misled by the mistake, they knew the boundary line of the add-on lots did not follow the original boundary line between their property and that of [Appellants], and thus there was no mutual mistake." (Trial Ct. Op., at 2; *see also* N.T. Trial, at 66). We agree with the trial court's conclusion that Appellants have failed to prove that there was a shared intent between the parties that the boundary line of the add-on lots follow the common boundary line of the original properties. Therefore, we conclude that the trial court properly exercised its discretion in

not reforming the deeds. **See Daddona**, **supra** at 487; **Krieger**, **supra** at 484. Appellants' second issue does not merit relief.

In Appellants' third issue, they claim that the trial court erred in *sua sponte* issuing an injunction against the parties. (**See** Appellants' Brief at 22-23). We are constrained to agree.

"[W]hen reviewing the grant or denial of a final or permanent injunction, an appellate court's review is limited to determining whether the trial court committed an error of law." **Buffalo Twp. v. Jones**, 813 A.2d 659, 663-64 (Pa. 2002), *cert. denied*, 540 U.S. 821 (2003) (footnote omitted).

Although "courts in [e]quity may enjoin repeated and continuing trespasses", **Rogoff v. Buncher Co.**, 151 A.2d 83, 86 (Pa. 1959) (citation omitted), our Court has held that a trial court acts improperly in issuing an injunction *sua sponte* where none had been sought by the plaintiff. **See Edward M. v. O'Neill**, 436 A.2d 628, 632 (Pa. Super. 1981). In **Edward M.**, this Court reasoned that although the trial court had the right to issue an injunction the court did not have the authority to "ignore established procedures" and erred in issuing an injunction where it "was not sought nor was a hearing conducted prior to the *sua sponte* issuance of the injunctive order." **Id.**; *see also* **Moore v. Mobil Oil Co.**, 480 A.2d 1012, 1018 (Pa. Super. 1984) (finding that trial court erred in *sua sponte* ordering final hearing on preliminary injunction). Furthermore, prior to issuing a permanent injunction involving freedom of expression, courts are required to

conduct a final hearing pursuant to Pennsylvania Rule of Civil Procedure 1531(f). *See* Pa.R.C.P. 1531(f); *Moore*, *supra* at 1018.

Here, our review of the record indicates that the trial court issued the within injunction permanently enjoining the parties from "conduct intended to annoy the other or otherwise interfere with the other's quiet enjoyment of their property[,]" without either party seeking such relief and without first conducting a final hearing. (Order, 11/20/14). Therefore, we are constrained to conclude that the trial court erred in issuing the permanent injunction *sua sponte* and without a hearing. *See Moore*, *supra* at 1018; *Edward M.*, *supra* at 632. Accordingly, we vacate the injunction.

Finally, in Appellees' only issue on appeal, they claim that the trial court erred in not awarding monetary damages to them after entering judgment in their favor on their claim of trespass. (*See* Appellees' Brief, at 25). This issue is waived and would not merit relief.

Preliminarily, we note that Appellees failed to cite any legal authority or develop any cogent argument that the trial court should have awarded monetary damages. (*See id.*). A party's failure to cite cases or other legal authority on the issue on appeal results in the waiver of that issue under Pennsylvania Rule of Appellate Procedure 2119. *See* Pa.R.A.P. 2119(a), (b); *Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014). Therefore, Appellees' issue is waived.

Moreover, we would find no merit to Appellees' issue. An award of damages by the trial court is evaluated under an abuse of discretion

standard and will only be disturbed where it "appears that the amount awarded resulted from partiality, caprice, prejudice, corruption or some other improper influence." *Delahanty v. First Pennsylvania Bank, N.A.*, 464 A.2d 1243, 1257 (Pa. Super. 1983) (citation omitted). "In reviewing the award of damages, the appellate courts should give deference to the decisions of the trier of fact who is usually in a superior position to appraise and weigh the evidence." *Id.* (citations omitted).

Here, the trial court explained in its opinion that "damages were not awarded as proof thereof was too speculative[.]" (Trial Ct. Op., at 3). Therefore, we would conclude that the trial court did not abuse its discretion in not awarding monetary damages. *See Delahanty*, *supra* at 1257. Accordingly, Appellees' issue would not merit relief, even if not waived.

Judgment affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2016

- 13 -